1

2

3              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
4

5  LINDA L. SCHULTZ,                )
                                    )   No. CV-10-0077-CI
6              Plaintiff,           )
                                    )
7  v.                               )   ORDER GRANTING PLAINTIFF'S
                                    )   MOTION FOR SUMMARY JUDGMENT
8  MICHAEL J. ASTRUE,               )   AND REMANDING FOR ADDITIONAL
   Commissioner of Social           )   PROCEEDINGS PURSUANT TO
9  Security,                        )   SENTENCE FOUR 42 U.S.C. §
                                    )   405(g)
10             Defendant.           )
                                    )
11 ─────────────────────────────    )

12      BEFORE THE COURT are cross-Motions for Summary Judgment (ECF No.

13 13, 16.)  Attorney Maureen J. Rosette represents Plaintiff; Special

14 Assistant United States Attorney Thomas M. Elsberry represents

15 Defendant.  The parties have consented to proceed before a magistrate

16 judge.  (ECF No. 7.)  After reviewing the administrative record and

17 briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for

18 Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

19                        **JURISDICTION**

20      Plaintiff Linda L. Schultz (Plaintiff) filed for supplemental

21 security income (SSI) on September 13, 2006. (Tr. 23, 94.)  Plaintiff

22 alleged an onset date of February 1, 1990.[1]  (Tr. 22, 94.)  Benefits

23 were denied initially and on reconsideration.  (Tr. 72, 77.)

24 Plaintiff requested a hearing before an administrative law judge

25 ─────────────────

26      [1]At the hearing, plaintiff amended the alleged onset date to the

27 date of filing.  Under Title XVI, benefits are not payable before the

28 date of application.  20 C.F.R.§§  416.305, 416.330(a); S.S.R. 83-20.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

(ALJ), which was held before ALJ R.J. Payne on August 26, 2008.  (Tr. 22-69.)  Plaintiff was represented by counsel and testified at the hearing.  (Tr. 32-68.)  Medical expert Margaret R. Moore, Ph.D., also testified.  (Tr. 23-32.)  The ALJ denied benefits and the Appeals Council denied review after receiving additional evidence. (Tr. 1-4, 10-19.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts and will, therefore, only be summarized here.

At the time of the first hearing, Plaintiff was 46 years old. (Tr. 34.)  Plaintiff has a high-school diploma, an associate's degree in computer integrated manufacturing, and a certificate in electrical maintenance.  (Tr. 35.)  She last worked as a housekeeper at a resort. (Tr. 36.)  She also has work experience in assembly, as a fast food worker, school bus driver, data entry clerk, and home health care worker.  (Tr. 36-42.) Plaintiff testified she cannot work because her back hurts so badly that she cannot not lay down, sit down, stand up, or ride in a car.  (Tr. 43.)  She had neurosurgery in March 2007 which helped some but did not solve the problems which prevent her from working.  (Tr. 43.)  She has hepatitis C which causes a lot of fatigue.  (Tr. 49.)  Plaintiff testified she has anxiety and an exaggerated startle reflex.  (Tr. 50-51, 53.)  She also has tendonitis in her hips which causes pain all the way down her legs.  (Tr. 56.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still

be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is engaged in substantial gainful activities.  If the claimant is engaged

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past.  If plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 13, 2006, the application date. (Tr. 12.) At step two, he found Plaintiff has the following severe impairments: history of status post two separate discectomy surgeries. (Tr. 12.) The ALJ specifically found that indications of hepatitis, a goiter and pain disorder are not severe impairments. (Tr. 12.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 16.) The ALJ then determined:

> [C]laimant has the residual functional capacity for light level work activities, as defined in 20 CFR 416.967(b), with non-exertional limitations as indicated by Dr. Moore. Specifically, that she is "*not significantly limited*" to "*occasionally moderately*" limited in her ability to:

maintain attention and concentration for prolonged periods; and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.

(Tr. 16.)  At step four, the ALJ found Plaintiff is capable of performing past relevant work.  (Tr. 19.)  Alternatively, after taking into account Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded there are jobs that exist in significant numbers in the national economy that the claimant can perform.  (Tr. 19-20.)  Thus, the ALJ concluded Plaintiff has not been under a disability as defined in the Social Security Act since September 13, 2006, the date the application was filed.  (Tr. 18.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff argues the ALJ erred by: (1) improperly considering the medical and psychological opinions evidence; (2) making an unsupported RFC finding; and (3) failing to call a vocational expert.  (ECF No. 14 at 8-14.)  Defendant argues the ALJ: (1) did not err by failing to call a vocational expert; (2) properly determined the RFC; and (3) adequately considered the medical and psychological evidence.  (ECF No. 17 at 5-19.)

**DISCUSSION**

**1.   Opinion Evidence**

Plaintiff argues the ALJ failed to properly consider the opinions of Dr. Vu, Vinetta MacPherson, ARNP, Jenna Nickels, PA-C, Dr. Lee, and Dr. Pollack.  (ECF No. 14 at 9-13.)  In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

1  *Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d
2  821, 830 (9th Cir. 1995).  If the treating or examining physician's
3  opinions are not contradicted, they can be rejected only with clear
4  and convincing reasons.  *Lester*, 81 F.3d at 830.  If contradicted, the
5  opinion can only be rejected for "specific" and "legitimate" reasons
6  that are supported by substantial evidence in the record.  *Andrews v.*
7  *Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts
8  have recognized conflicting medical evidence, the absence of regular
9  medical treatment during the alleged period of disability, and the
10 lack of medical support for doctors' reports based substantially on a
11 claimant's subjective complaints of pain as specific, legitimate
12 reasons for disregarding a treating or examining physician's opinion.
13 *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64
14 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

15      **a.  Dr. Vu**

16      Plaintiff argues the ALJ failed to set forth specific, legitimate
17 reasons for rejecting the opinion of Dr. Vu.  (ECF No. 14 at 10.)  Dr.
18 Vu examined Plaintiff and prepared a DSHS Physical Evaluation report
19 on September 6, 2006.  (Tr. 166-69.)  Dr. Vu diagnosed lumbar
20 radiculpathy, noting suspected recurrent disc herniation with nerve
21 root impingement.  (Tr. 168.)  Dr. Vu indicated Plaintiff's condition
22 resulted in a marked limitation defined as very significant
23 interference with Plaintiff's ability to perform basic work activities
24 of sitting, standing, walking, lifting, handling, carrying and seeing.
25 (Tr. 168.)  Dr. Vu opined that Plaintiff was limited to sedentary
26 work.  (Tr. 168.)

27      The ALJ mentioned Dr. Vu's assessment, but did not assign weight
28 to the opinion or discuss its contents after noting Dr. Vu's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

conclusion that Plaintiff was limited to sedentary work. (Tr. 12.) Defendant asserts the ALJ "found that Dr. Vu based his assessment on Plaintiff's subjective statements" and "compared Dr. Vu's assessment with contemporaneous treatment notes." (ECF No. 17 at 11-12.) The court does not identify any finding by the ALJ about Dr. Vu's statement being based on Plaintiff's subjective statement, nor any comparison made by the ALJ regarding treatment notes. (Tr. 12-13.) While the court may draw reasonable inferences from the ALJ's decision, the inferences must be there to be drawn. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ's discussion of Dr. Vu's assessment consists of one sentence which contains no analytical language or any statement suggesting a reason for rejecting the report. (Tr. 12.) Because the ALJ ultimately concluded Plaintiff can do light work, Dr. Vu's opinion must be rejected with specific, legitimate reasons supported by substantial evidence. There may be reasons to reject Dr. Vu's opinion, but the court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto V. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The ALJ failed to provide specific, legitimate reasons for rejecting an examining physician's opinion, and therefore the ALJ erred.

**b. Vinetta MacPherson, ARNP**

Plaintiff argues the ALJ failed to properly reject the opinion of Vinetta MacPherson, ARNP. (ECF No. 14 at 10.) Ms. MacPherson is an "other source" whose opinion must be considered by the ALJ. "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). Non-medical testimony

can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to an "other source" opinion before discounting it.

Ms. MacPherson examined Plaintiff and completed a DSHS Physical Evaluation form on June 3, 2008. (Tr. 306-10.) Ms. MacPherson indicated Plaintiff has a moderate to marked limitation in sitting, standing, walking, lifting and handling due to lumbago/arthritis of the spine. (Tr. 308.) Ms. MacPherson also assessed a mild limitation due to instability from an unhealed sternum fracture, and no limitations due to hepatitis B and C, goiter, and post-traumatic stress disorder (PTSD). (Tr. 308.) Plaintiff's work level was assessed as "severely limited," meaning Plaintiff was unable to lift at least two pounds or unable to stand and/or walk. (Tr. 308.)

The ALJ noted Ms. MacPherson's examination and pointed out Ms. MacPherson recorded Plaintiff was "demanding another DSHS evaluation" since her treating provider had recently "denied" her GAU benefits.[2]

---

[2]General Assistance Unemployable (GAU) (now called Disability Lifeline) is a state-funded program that provides cash and medical benefits for persons who are physically and/or mentally incapacitated

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

(Tr. 13, 310.)  The ALJ concluded Plaintiff "insisted" her disability involved more than her back, citing neck, thoracic and shoulder problems.[3]  (Tr. 13, 310.)  The ALJ pointed out that Ms. MacPherson noted Plaintiff's hepatitis, goiter and PTSD condition, and asserted Ms. MacPherson mentioned Plaintiff might not qualify for ongoing GAU benefits.[4]  (Tr. 13, 310.)  However, the ALJ failed to address Ms.

_____

and unemployable for 90 days from the date of application. http://www.dshs.wa.gov/onlinecso/gau.shtml (last visited July 13, 2011).

[3]There is no evidence Plaintiff "insisted" her disability involved more than her back.  The review of systems notes positive reports for headaches, nervousness, sweats, stomach pain, persistent cough, sinus problems; back, shoulder, hips, legs and hand pain.  (Tr. 310.) Ms. MacPherson recorded Plaintiff's statement that she continues to have back problems and that it is not just the low back.  (Tr. 310.) Plaintiff said the mid back and neck have also been problems and claimed her sternum is broken.  (Tr. 310.)  Plaintiff mentioned diagnosis of PTSD.  (Tr. 310.)  It is not clear how the ALJ concluded Plaintiff "insisted" her disability involved more than her back when thoracic and neck problems are part of the back, and shoulder pain is mentioned but not identified as a separate problem.  (Tr. 310.)

[4]Defendant argues, "The ALJ accepted Ms. MacPherson's statement that she did not know whether Plaintiff would qualify for state benefits instead of her statement that Plaintiff was severely limited."  (ECF No. 17 at 17-18.)  However, the ALJ's summary of Ms. MacPherson's conclusion is somewhat misleading.  Ms. MacPherson stated, "From the exam, I do not know that she would qualify for GAU

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

MacPherson's functional assessment and did not acknowledge her opinion that Plaintiff was "severely limited."  The ALJ neither rejected the opinion with germane reasons, nor did he explain how the "severely limited" assessment fit into the RFC determination.  This is probative evidence of Plaintiff's functional limitations which must be rejected by the ALJ or incorporated into the RFC.  The ALJ erred by failing to fully consider Ms. MacPherson's opinion.

### c.  Jenna Nickels, PA-C

Plaintiff argues the ALJ erred by failing to address the opinion of Jenna Nickels, PA-C.  (ECF No. 14 at 10.)  Ms. Nickels saw Plaintiff between January 2009 and August 2009.  (Tr. 367-87.)  In May 2009, Ms. Nickels completed a DSHS Physical Evaluation form and indicated cervical and lumbar pain have a moderate impact on Plaintiff's sitting, standing and walking.  (Tr. 397.)  Ms. Nickels opined that Plaintiff was limited to sedentary work.  (Tr. 397.)

The ALJ's decision is dated October 16, 2008.  (Tr. 18.)  The ALJ did not err by failing to evaluate records which had not been generated at the time of the decision.  However, it is established in this circuit that any evidence which was submitted to the Appeals

---

for her back.  She probably would qualify for treatment for the hepatitis B and C."  (Tr. 310.)  Thus, Ms. MacPherson believed Plaintiff would qualify for GAU.  While there may be reasons to challenge Ms. MacPherson's conclusions, the ALJ failed to identify any such reasons.  The failure to accurately portray Ms. MacPherson's conclusions constitutes further error.  Ms. MacPherson's opinion that Plaintiff is severely limited is probative evidence of her functional limitations which should have been addressed by the ALJ.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

Council is part of the record for review.[5]  *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (concluding the district court properly considered new evidence submitted to the Appeals Council because the Appeals Council addressed those materials in denying review); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting district court reviewed all materials including evidence not before the ALJ when Appeals Council declined to accept review).  Plaintiff submitted additional evidence to the Appeals Council, including evidence from Ms. Nickels.  (Tr. 4.)  Thus, this court properly considers the evidence of Ms. Nickels' findings in reviewing the ALJ's decision. Ms. Nickels' opinion that Plaintiff is limited to sedentary work is consistent with Dr. Vu's opinion that Plaintiff should be limited to sedentary.  Ms. Nickels' opinion may provide support for a finding of sedentary work, and the ALJ may have given more weight to Dr. Vu's opinion had there been later supporting evidence available.  As a result, on remand, the ALJ should review the entire record, including Ms. Nickels' opinion and all other evidence submitted to the Appeals Council in reassessing the RFC.

### d.   Dr. Pollack

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Pollack, an examining psychologist.  (ECF No. 11-13.)  Dr. Pollack completed a narrative report in July 2008 and a Mental Medical Source Statement form in August 2008.  (Tr. 283-93.)  Dr. Pollack diagnosed pain disorder associated with both psychological factors and general

---

[5]There is a split among the circuits on this issue.  The Ninth Circuit follows majority rule.  *See Mills v. Apfel*, 244 F.3d 1, 4 (1st Cir. 2001) (discussing circuit split).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

medical condition and assessed a GAF of 55. (Tr. 289.) He also assessed a marked limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and a moderate limitation in the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (Tr. 291.)

The ALJ discussed Dr. Pollack's report at length and cited two reasons for rejecting the report. (Tr. 14.) First, the ALJ pointed out:

> [A]ssessments by Dr. Pollack are usually arranged by the claimant's representative, who uses this particular psychologist extensively, as this psychologist appears to always finds [sic] *moderate or marked* limitations for numbers 7 and 11, of the standard mental residual functional capacity assessment form (SSA 4734), which or course historically supports an indication of disability per vocational expert analysis.

(Tr. 14.) Plaintiff argues the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996). Defendant correctly points out that when other evidence undermines the credibility of a medical report, the purpose for which a medical report was obtained may be considered without error. *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). Here, however, the ALJ's statement goes well beyond discussing the purpose for which the medical report was obtained. An ALJ should not base his opinion of medical evidence on past activity not in the record. *See Reed v. Massanari*, 270 F.3d 838, 843-44 (9th Cir. 2001) (holding it was improper for the ALJ to reject opinions of doctors based on past decisions that were not in the record); *see also Lester v. Chater*, 81

F.3d 821, 832 (9th Cir. 1996) (stating an ALJ "may not assume doctors routinely lie in order to help their patients collect disability benefits" (quoting *Ratto v. Secretary*, 839 F.Supp. 1415, 1426 (D.Or. 1993)).   Second, the ALJ stated Dr. Pollack "always" finds marked or moderate limitations "for numbers 7 and 11," yet in this case Dr. Pollack found a marked limitation for limitation number 11, a moderate limitation for number 16, but only a mild limitation for number 7. Thus, the evidence demonstrates the ALJ's generalization about Dr. Pollack's reports is inaccurate.   Lastly, the ALJ's statement reflects an impermissible bias indicating Dr. Pollack's statement would never be accepted, regardless of the actual limitations of the claimant.   As a result, the ALJ's first reason for rejecting Dr. Pollack's report is not a valid specific, legitimate reason supported by substantial evidence.

   The ALJ also cited the opinion of the psychological expert, Dr. Moore, in rejecting Dr. Pollack's opinion. (Tr. 14.) The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31.   Cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 15

831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

The ALJ pointed out that Dr. Moore noted Plaintiff had not undergone mental health treatment.  (Tr. 14, 24.)  This has nothing to do with the reliability of Dr. Pollack's opinion, and should not be considered in assessing Plaintiff's credibility.  *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).  Secondly, the ALJ noted Dr. Moore opined that Plaintiff was less limited than Dr. Pollack indicated.  (Tr. 14.)  However, the ALJ did not identify any independent evidence as the basis for that opinion.  (Tr. 14.) Lastly, the ALJ noted Dr. Moore acknowledged she was puzzled by Dr. Pollack's assessment of marked and moderate limitations, yet described possible rationalizations for both limitations in the evidence.[6]  (Tr.

---

[6]Dr. Moore testified she was puzzled by Dr. Pollack's assessment of a marked limitation in the ability to complete a normal workday and workweek, "unless he was somehow trying to incorporate her issues about complaining about pain."  (Tr. 30.)  Dr. Moore also described Dr. Pollack's assessment of a moderate limitation in the ability to

14, 30.) Thus, the ALJ failed to cite to adequately rationalize rejecting Dr. Pollack's opinion on the basis of Dr. Moore's testimony.

The ALJ failed to identify any properly supported reason justifying rejection of Dr. Pollack's opinion. The ALJ erred by citing evidence outside the record and by failing to identify evidence independent of Dr. Moore's opinion to justify giving greater weight to Dr. Moore's opinion than Dr. Pollack's opinion.[7] The ALJ failed to provide specific, legitimate reasons supported by substantial evidence in discounting Dr. Pollack's opinion.

> **e.   Dr. Lee**

Plaintiff argues the ALJ did not set forth reasons for ignoring the opinion of Dr. Lee, an examining psychologist. (ECF No. 14 at 13.) In December 2006, Dr. Lee examined Plaintiff and diagnosed anxiety disorder not otherwise specified (PTSD features), depressive disorder, rule out alcohol disorder and mood disorder, and rule out alcohol abuse. (Tr. 185-88.) Dr. Lee gave a narrative statement of Plaintiff's functional abilities and concluded she could perform

---

maintain socially appropriate behavior and cleanliness as "curious," but pointed out that, "A couple of people have mentioned that her, he mentioned her hands were dirty, another observer mentioned that she had some body odor, so I suspect that's why he moved that rating over to moderate." (Tr. 30.) Dr. Moore went on to explain why she would not give a moderate limitation. (Tr. 31.)

[7] Such evidence may exist; however, the court reiterates that it is constrained to review only the reasons cited by the ALJ in rejecting an opinion. *See Sec. Exch. Comm'n*, 332 U.S. at 196; *Pinto*, 249 F.3d at 847-48.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 17

simple repetitive activity and detailed and complex tasks.  (Tr. 188.)
He opined that her ability to accept instructions from supervisors is
intact and her ability to interact with coworkers would likely remain
intact.  (Tr. 188.)  Additionally, he opined Plaintiff's ability to
perform work activity on a consistent basis and maintain regular
attendance in the work place would likely be affected to a mild and
possibly moderate degree.  (Tr. 188.)  Dr. Lee opined that Plaintiff's
ability to deal with the usual stress at work would likely be affected
to a moderate degree.  (Tr. 188.)

Plaintiff asserts the ALJ failed to address Dr. Lee's report.
(ECF No. 14 at 13.)  To the contrary, the ALJ did summarize the
report, including the functional assessment.  (Tr. 13.)  The ALJ did
not, however, analyze the report, reject or give weight to the report,
or discuss it in developing the RFC.  Although the ALJ is responsible
for resolving conflicts in medical evidence, he must explain with
specificity the weight given to opinions of acceptable medical
sources.  20 C.F.R. §§ 404.1527, 416.927.  The ALJ did not do so here,
and therefore erred.

## 2. Residual Functional Capacity

The ALJ's assessment of the medical and psychological evidence
contains errors.  As Plaintiff points out, none of the treating or
examining medical providers indicated Plaintiff can perform light
work.  (Tr. 166, 306, 395.)  Although the state reviewing physician
affirmed an RFC finding consistent with light work, the ALJ failed to
identify that as a basis for his decision or mention the reviewing
opinion.  (Tr. 228-35, 237.)  As a result of errors, the RFC is in
question and the matter must be remanded for reconsideration of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 18

medical and psychological evidence.[8]

3.   **Step Five**

Plaintiff argues the ALJ also erred by failing to call a vocational expert at step five because the RFC contains nonexertional limitations. (ECF No. 14 at 13-14.) At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984.) The Medical-Vocational Guidelines (Grids) is a matrix system developed by the Commissioner for resolving cases that involve substantially uniform functional capacities. *Desrosiers v. Sec'y of Health and Human Svcs.*, 846 F.2d 573, 578 (9th Cir. 1988). The Grids were adopted to improve the efficiency of disability benefits proceedings. *Id.* Use of the Grids was upheld as valid in *Heckler v. Campbell*, 461 U.S. 458 (1983). However, the Grids are an administrative tool, and there are strict

---

[8]The ALJ's discussion of the evidence may intend to suggest that since the evidence suggests Plaintiff was limited to sedentary work before her 2007 back surgery, and the surgery reportedly improved her condition, Plaintiff is capable of light work. (Tr. 12-13.) This is neither well-documented by evidence in the record nor well-explained by the ALJ. This also suggests the ALJ is making more than a functional assessment. See *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000) (drawing medical conclusions without relying on medical evidence). An ALJ must not substitute his medical judgment for a doctor's. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990). On remand, the ALJ may consult a medical expert as needed.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 19

limits on when the Commissioner may rely on them; the exclusive use of the Grids is appropriate only where "a claimant's functional limitations fall into a standardized pattern accurately and completely described by the Grids." *Tackett*, 180 F.3d at 1103 (*citing Desrosiers*, 846 F.2d at 577.)   Where the Grids do not accurately describe a claimant's condition, the Grids are used as a "framework for decision-making," and vocational expert testimony is required to determine if there are jobs in the national economy that the individual can perform.  *See Polny v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988); S.S.R. 83-12.

Where the Grids are not determinative, the Commissioner has the burden of showing specific jobs within the claimant's capabilities. *See Kail*, 722 F.2d at 1498.  When a claimant cannot perform a full range of work, her particular limitations, including pain, and their impact on the ability to perform work activities must be evaluated individually.  S.S.R. 83-12.  A step five finding based on unsupported speculation regarding other work in the national economy is insufficient to meet the Commissioner's burden at step five.  *Lester*, 81 F.3d at 832.

Here, the ALJ took "judicial notice that vocational experts have historically and routinely testified in prior hearings that given an individual with the same age, education and work experience as the claimant in this case, the types of exertional and non-exertional limitations, which are present in the case at hand, would not significantly erode the overall occupational/job base of *light* level work activities."  (Tr. 18.)  Vocational expert testimony is not a proper subject to be administratively or judicially noticed, is inadequate to satisfy a step five requirement for vocational expert

testimony, and is contrary to the Commissioner's policy.  S.S.R. 83-10; S.S.R. 83-12.  The ALJ's failure to call a vocational expert in that event is reversible error.  *Tackett*, 180 F.3d at 1102-03.

Furthermore, the ALJ in this case concluded without explanation that the nonexertional limitations identified in the RFC "have little or no effect on the overall occupational base of unskilled light work."  (Tr. 18.)  Dr. Moore testified that Plaintiff would be "occasionally" moderately limited in the area of maintaining attention and concentration for prolonged periods and in the area of performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances.  (Tr. 27, 334.)  When asked to explain what she meant by occasionally, Dr. Moore testified, "I would be thinking, in general, a couple of hours a day in a regular work week . . . She might need a, a break, might need to change task, that sort of thing" (Tr. 27.)  The ALJ clarified that this would be two hours a day in a 40-hour week, and that the two hours would be spread out over the day, and the medical expert noted that these breaks would be unpredictable.  (Tr. 28.)  It is noted that if 25% of every eight-hour workday is unpredictably and potentially affected by Plaintiff's nonexertional limitations, the effect of those nonexertional limitations on the overall occupational base will need exploration.

Defendant argues the ALJ adequately explained the step five finding, and that any error at step five is harmless because of a proper step four determination.  (ECF No. 17 at 5-10.)  Indeed, an error at step five is harmless error when it is not a required step. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless when it occurs in a step the ALJ was not

required to perform); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)(any error in hypothetical was harmless in light of the step four conclusion that claimant could return to past work). However, because the RFC is in question, the court cannot determine whether the step four finding is adequate. As a result, the ALJ should make a new step four finding if necessary after reconsideration of the medical and psychological opinion evidence.

**4.   Remand**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

In this case, the medical and psychological evidence must be reevaluated. Evidence that may be a basis for proper findings exists, but has not been articulated. Remand is necessary for reevaluation of

the medical and psychological evidence, including evidence submitted to the Appeals Council.  On remand, additional testimony may be taken, including the testimony of a medical expert if necessary.  The ALJ will conduct a new sequential evaluation, make new credibility findings, give legally sufficient reasons for the rejection of probative evidence from acceptable medical and psychological sources as well as other sources, and make new RFC findings.  At step four and if applicable, step five, vocational expert testimony may be necessary, depending on the RFC finding and the exertional and non-exertional limitations in combination with their effect on Plaintiff's ability to perform past relevant work or other work in the national economy, as is relevant. The court expresses no opinion as to what the outcome will or should be on remand.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Remand in accordance with this decision is necessary.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

3.  An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 23

be entered for Plaintiff and the file shall be **CLOSED**.

DATED August 8, 2011.

                                   _____S/ CYNTHIA IMBROGNO_____
                                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 24